J-S20013-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JO LEE DIDYOUNG | : | |
| | : | |
| Appellant | : | No. 1201 MDA 2017 |

Appeal from the Judgment of Sentence July 5, 2017
In the Court of Common Pleas of Berks County
Criminal Division at No(s):  CP-06-CR-0005487-2016

BEFORE:  GANTMAN, P.J., OTT, J., and KUNSELMAN, J.

DISSENTING MEMORANDUM BY OTT, J.:          **FILED JULY 06, 2018**

While I agree with the Majority that Didyoung's brief is undistinguished, this appeal from a DUI conviction is not a complex matter and I believe Didyoung's argument regarding sufficiency of the evidence is nonetheless discernable.  Accordingly, I would not find that argument waived.  Moreover, I believe the argument has merit and would reverse the conviction.[1]  The underlying facts of this matter are as follows:

_____

[1] Our standard of review for a claim of insufficient evidence is as follows:

> In reviewing a sufficiency of the evidence claim, we must determine whether the evidence admitted at trial, as well as all reasonable inferences drawn therefrom, when viewed in the light most favorable to the verdict winner, are sufficient to support all elements of the offense. Additionally, we may not reweigh the evidence or substitute our own judgment for that of the fact finder. The evidence may be entirely circumstantial as long as it links the accused to the crime beyond a reasonable doubt.

On June 12, 2017, Didyoung was convicted of violating 75 Pa.C.S. § 3802(d)(2), which states:

> **d) Controlled substances.--**An individual may not drive, operate or be in actual physical control of the movement of a vehicle under any of the following circumstances:
>
> ***
>
> (2) The individual is under the influence of a drug or combination of drugs to a degree which impairs the individual's ability to safely drive, operate or be in actual physical control of the movement of the vehicle.

75 Pa.C.S. § 3802(d)(2).[2]

To sustain a conviction under this section, the Commonwealth must prove the defendant was (1) operating a vehicle, (2) under the influence of a drug, and (3) the drug caused the person to be so impaired that the person was incapable of driving safely.

---

***Commonwealth v. Gorman***, 183 A.3d 1035, 1037 (Pa. Super. 2018) (citations omitted).

[2] The drug in question was Xanax. Didyoung was originally charged with violating 75 Pa.C.S. § 3802(a)(1) regarding alcohol, and (d)(1), regarding any amount of Schedule I drugs, or Schedule II or III drugs (that were not medically prescribed) or metabolite thereof, in the bloodstream. Those charges were dismissed by a different magisterial district judge at a prior preliminary hearing. The current charge was subsequently filed and bound for trial.

In her Pa.R.A.P. 1925(a) opinion, the trial judge related the following facts she relied upon in convicting Didyoung.

Here, Officer Christopher Sacks of the Muhlenberg Township Police Department credibly testified that on April 9, 2016, at approximately 3:17 a.m., he was on patrol in the area of Tuckerton Road in Berks County, Pennsylvania. Officer Sacks observed [Didyoung's] vehicle traveling west on Tuckerton Road, and a portion of the vehicle crossed over the center portion of the roadway,[3] which forced Officer Sacks to swerve to the right to avoid a collision. Officer Sacks turned around and initiated a traffic stop. When he made contact with [Didyoung], Officer Sacks noticed that she appeared lethargic and very tired.

Officer Sacks asked [Didyoung] if she was okay, and [Didyoung] simply stared at him for several seconds. Officer Sacks again asked [Didyoung] if she was okay and if she needed an ambulance. [Didyoung] replied that she was on Xanax. Officer Sacks then asked [Didyoung] to get out of her vehicle. Officer Sacks credibly testified that [Didyoung] had a problem with her motor skills and depth perception, and that when she reached for the door handle it was several inches away from where her fingers were located.

Officer Sacks, who has been a law enforcement officer for twenty years, received standard DUI training, and also attended the advanced recognition of impaired driving program offered by the Pennsylvania State Police. In the advanced recognition class, Officer Sacks received training on how to detect whether individuals are under the influence of drugs that affect the central nervous system [CNS]. Officer Sacks testified that he has come into contact with people who were under the influence of controlled substances before in his work as a police officer.

Officer Sacks asked [Didyoung] to perform various field sobriety tests. On the walk-and-turn test, [Didyoung] exhibited seven out of a maximum of eight clues. [Didyoung] also showed signs of impairment during the one-leg stand and finger-to-nose tests. Accordingly, Officer Sacks concluded that [Didyoung] was

---

[3] Officer Sacks also testified there were no lines painted on the roadway denoting lanes of travel. *See* N.T. Trial 6/12/2017 at 14.

not capable of safely operating a motor vehicle, took her into custody, and transported her to the DUI Processing Center. Officer Sacks's testimony, taken alone, was sufficient to support [Didyoung's] conviction.

Trial Court Opinion, 9/25/2017, at 4-5.

The evidence related by and relied upon by the trial court demonstrated that Didyoung had been operating a vehicle, had taken Xanax at some point prior to operating the vehicle, and failed several field sobriety tests. However, upon inspection, I believe the evidence fails to prove beyond a reasonable doubt that whatever impairment Didyoung suffered was caused by the Xanax. Without proof of that material fact, the conviction is infirm.

While Officer Sacks testified he had taken some advanced DUI courses from the Pennsylvania Police, which included some discussion of central nervous system depressants, Officer Sacks was not certified as a drug recognition officer. N.T. Trial, 6/12/17, at 24. He had Didyoung perform only one field sobriety test that was designed to detect CNS depressant use. *Id*. at 6. The test was similar to a HGN test.[4] *Id*. However, Officer Sacks could not confirm that the test was recognized and accepted by the scientific community, so the result of the test was excluded from evidence. *Id*. at 8.

_____

[4] HGN stands for horizontal gaze nystagmus. The results of this test as indicia of intoxication are currently inadmissible in Pennsylvania courts. *See Commonwealth v. Stringer*, 678 A.2d 1200 (Pa. Super. 1996); *Commonwealth v. Apollo*, 603 A.2d 1023 (Pa. Super. 1992); and *Commonwealth v. Moller*, 523 A.2d 1186 (Pa. Super. 1987).

Further, Officer Sacks was disqualified from relating any of the observed indicia of impairment to the use of a CNS depressant. *Id*. at 13. Finally, there is no indication in the record that the effects of CNS depressants in general, or Xanax in particular, are so well known that they may be related to specific observable behavior by a lay person.[5]

In light of the above, and accepting the evidence in the light most favorable to the Commonwealth as verdict winner, as we are required to do, I believe the link between Didyoung's use of Xanax and her inability to operate her vehicle safely is too tenuous to support her conviction. Therefore, I respectfully dissent.

---

[5] In **Commonwealth v. Griffith**, 32 A.3d 1231 (Pa. 2011), our Supreme Court held there was no hard and fast rule requiring expert testimony to relate the inability to drive safely to the allegedly intoxicating agent. Rather, such a decision was to be undertaken on a case-by-case basis. Here, unlike every other case we reviewed, including **Griffith**, the observing police officer was precluded from linking the use of the drug to the inability to safely operate the vehicle. Therefore, there is a lack of even lay testimony actually linking the alleged cause to the effect.